RICHARD A. RUBIN, an Infant, by His Guardian ad Litem LOUIS M. RUBIN, et al., Plaintiffs, *v.* KONNER RENTALS CORP. et al., Defendants.

KONNER RENTALS CORP., Third-Party Plaintiff, *v.* CONSOLIDATED AVIONICS CORPORATION, Third-Party Defendant.

Supreme Court, Special Term, Queens County, July 20, 1962.

*Samuel H. Forman* for plaintiffs. *Joseph Greenhill* and *Ira J. Greenhill* for defendants and third-party plaintiff. *Marvin Montfort, Healy & Cuff* (*E. Richard Rimmels, Jr.,* of counsel), for third-party defendant.

LESTER HOLTZMAN, J. Motion by defendants and third-party plaintiff for an order dismissing the cross complaint of the third-party defendant against the defendant Roth.

In the main action plaintiffs sued in negligence for damages arising out of a collision between plaintiff's car and a vehicle owned by the defendant Konner Rentals Corp. and operated by the defendant Roth.

Konner admits ownership of the vehicle but denies operation or control. It also denies that defendant Roth was operating the car with its permission or consent. Roth likewise denies that his operation of the car was with the permission and consent of Konner.

Konner, in a third-party complaint against Consolidated Avionics Corporation, alleges that on September 28, 1959, it leased a certain 1960 Chevrolet to Avionics; that under the terms of the lease Avionics agreed that the vehicle would be operated by competent, licensed drivers at least 21 years of age; that on December 22, 1959, Avionics directed defendant Roth to operate the car in its business and Roth did so operate it within the scope of his employment; that at the time of the accident Roth was 19 years of age; that plaintiffs claim that they were injured by Roth's negligence in the operation of the car and that if plaintiffs should recover a judgment against Konner because of Roth's negligence, then Avionics is liable to Konner for judgment over.

Avionics, as a cross complaint against defendant Roth, alleges that if, because of Roth's negligence, plaintiffs recover a judgment against Roth and Konner and if Konner recovers judgment over against Avionics, then Avionics has a right to judgment over against defendant Roth since the judgment over against Avionics will be based on Roth's active negligence and the negligence of Avionics was merely passive.

Konner and Roth have now brought this motion to dismiss the cross complaint of Avionics against Roth. They contend that the only action against Avionics is on the lease agreement which prohibited operation of the vehicle by anyone under 21 years of age; that the suit is for breach of contract and that

there is no claim against Avionics based on the negligence of their driver.

A claim over against a third-party defendant must be related to the main action by a question of law or fact common to both controversies but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff. (Civ. Prac. Act, § 193-a, subd. 1.)

Thus Konner may sue Avionics for breach of its lease agreement because one of the elements of its cause of action will be that because of that breach Konner has been held liable to the plaintiffs for damages caused by Roth's negligence.

By a parity of reasoning, however, Avionics' cause of action against Roth need not be for the same cause of action for which Konner is suing Avionics so long as there is a common question of law or fact. If Konner, sued for negligence, may implead Avionics for breach of contract, Avionics, sued for breach of contract, may cross claim against Roth for negligence. Apart from any contractual obligation " one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter ". (*Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461, 467; cf. *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314, 331.)

It follows that if Avionics is held liable to Konner for the damages caused by Roth, then Roth in turn is liable to Avionics. The cross complaint against Roth is sufficient and the motion to dismiss it is denied.